919 F.2d 182
 287 U.S.App.D.C. 73
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
UNITED STATES of America, Appellee,
v.
Kevin MINOR, Appellant.
 No. 89-3099.
 United States Court of Appeals, District of Columbia Circuit.
 Dec. 6, 1990.
 
 Before WALD, Chief Judge, and STEPHEN F. WILLIAMS and CLARENCE THOMAS, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on appeal from conviction and sentence in the United States District Court for the District of Columbia. This Court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). For the reasons set forth in the accompanying memorandum, it is
 
 
 2
 ORDERED AND ADJUDGED, by the Court, that the appeal of the conviction and sentence be denied.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Appellant Kevin Minor appeals his conviction for aiding and abetting the distribution of phencyclidine (PCP) in violation of 18 U.S.C. Sec. 2 and 21 U.S.C. Sec. 841(a)(1). Appellant argues that the evidence was insufficient to support his conviction and that the district court committed plain error in allowing the government in its closing argument to ask the jury to infer the substance of a conversation between appellant and his co-defendant, Darin Chase.[1] For the reasons set forth below, we reject both of appellant's arguments and affirm his conviction.
 
 I. FACTS
 
 5
 On the afternoon of December 6, 1988, Agent Harry Robshaw of the Drug Enforcement Agency purchased 100 grams of a mixture of PCP from Darin Chase, appellant's friend and co-defendant.[2] Robshaw and Chase had arranged, by telephone, to meet in the parking lot of a Roy Rogers restaurant at approximately 1:30 p.m. Chase had told Robshaw that he would not initially carry the drugs to the meeting, but that they would be nearby, and that after he had counted the purchase money, he would get them.
 
 
 6
 Upon finding the Roy Rogers parking lot empty at 1:15 p.m., Robshaw decided to move the meeting place to the busier Safeway parking lot across the street so that his back-up surveillance team would not be obtrusive. At 1:45 p.m., Robshaw telephoned Chase at the Roy Rogers to explain that he had moved to the Safeway lot. Chase then proceeded to Robshaw's car, counted the purchase money, patted down Robshaw, and left to retrieve the drugs. He subsequently returned to the Roy Rogers, got into a car driven by appellant, and spoke with appellant for several minutes. Appellant drove Chase down the street, dropped him off, parked the car nearby, and walked to an area from which he could observe the Safeway parking lot. Chase returned to Robshaw's car and gave Robshaw two soda bottles filled with PCP, which he took from a brown paper bag. Officers then arrested Chase and appellant.
 
 II. ANALYSIS
 A. Insufficiency of the Evidence
 
 7
 In considering appellant's claim of evidentiary insufficiency, we look at the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 80 (1942). We also "recogniz[e] that it is the jury's province to determine credibility and to weigh the evidence." United States v. Singleton, 702 F.2d 1159, 1163 (D.C.Cir.1983).
 
 18 U.S.C. Sec. 2(a) states:
 
 8
 Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
 
 
 9
 In United States v. Raper, 676 F.2d 841, 849 (D.C.Cir.1982), we defined the elements necessary to support a conviction for aiding and abetting as follows:
 
 
 10
 What is required on the part of the aider and abettor is sufficient knowledge and participation to indicate that he knowingly and wilfully participated in the offense in a manner that indicated he intended to make it succeed.
 
 
 11
 After announcing to Agent Robshaw that he was going to get the drugs, Chase walked back to the Roy Rogers parking lot, got into the car appellant was driving, and spoke with appellant. Appellant then drove Chase across the parking lot and spoke with him again, after which Chase got out of the car carrying the brown paper bag which contained PCP. Appellant then drove to a nearby lot, parked the car, and walked to a place where he could see Chase deliver the drugs. When approached by police officers, appellant claimed that he had not driven the car, but allowed officers to use keys hanging from his pocket to start the car. Furthermore, the officers noticed a strong smell of PCP coming from appellant's trousers.
 
 
 12
 This evidence was sufficient to allow the jury to find that appellant knew of the transaction between Chase and Robshaw and that he intended to facilitate it by guarding the drugs and by serving as a lookout. See United States v. Poston, 902 F.2d 90, 95-96 (D.C.Cir.1990) (Evidence that defendant acted as lookout held sufficient to support conviction for aiding and abetting). We, therefore, find that the court did not err in instructing the jury that appellant could be convicted of violating 18 U.S.C. Sec. 2.
 
 
 13
 B. The Government's Remarks During Closing Argument
 
 
 14
 Appellant next argues that the district court should not have allowed the government in its closing remarks to ask the jury to infer the substance of appellant's conversation with Chase when Chase came to the car appellant was driving to retrieve the drugs. Because appellant did not object to the government's argument at trial, we can reverse only if we find plain error. United States v. Ortez, 902 F.2d 61, 64 (D.C.Cir.1990). We hold that in this case there was no plain error.
 
 
 15
 After providing a narrative description of the events that led up to the moment when Chase entered appellant's car, the prosecutor stated:
 
 
 16
 One can infer that it was--the conversation went something like: Well, does he look like a cop? I don't know. What does he look like? He is white. He has a beard. Does he seem like a cop? Whatever it goes. Finally, the lure of money and the decision to go make a deal occurs, and they say: Okay, we're gonna go through with it. It's inferable also that they probably decided then where am I going to meet you after it's over. Where is Mr. Chase going to meet the driver of the car to get out with the loot after it's all over. So they have a couple of things to decide. So there is something for them to talk about because this is it. They are on the verge of the deal, and they have to go through with it.
 
 
 17
 Transcript March 22, 1989, at A-9-A-10.
 
 
 18
 Appellant points to United States v. Perholtz, 842 F.2d 343, 360 (D.C.Cir.1988), in which we said that a "prosecutor should not make 'statements of fact to the jury not supported by proper evidence introduced during trial' " (quoting Gaither v. United States, 413 F.2d 1061, 1079 (D.C.Cir.1969)). Appellant argues that we should be as critical of a prosecutor's request to infer a hypothetical conversation as we would of his making a statement not supported by the evidence. Even if true, and even if the prosecutor's remarks here were ill-advised, we do not think they amounted to plain error.
 
 
 19
 In United States v. Johnson, 527 F.2d 1381, 1385 (D.C.Cir.1976), we held that a prosecutor did not commit error by asking a jury to infer that a defendant had sold drugs to three men where the evidence supporting the defendant's participation in the transaction was only circumstantial and where the jury was "instructed that counsel's statements were not evidence and that the jury's recollection of the evidence was controlling." In appellant's case, the prosecutor's request that the jury infer that appellant and Chase discussed the drug transaction in appellant's car was supported by evidence that Chase was in the middle of the transaction at the time of the conversation, that Chase came to a car that appellant was driving in order to get the drugs, that Chase left the car with the drugs in hand, and that after driving Chase down the street, appellant parked the car and walked to a place where he could see the delivery occur. In addition, the district court here gave the same cautionary instructions to the jury about relying on their own recollection of the evidence that the court found sufficient in Johnson. We find, in sum, that the prosecutor's remarks did not constitute plain error and the conviction should be affirmed.